■ In the Matter of CROSS COUNTY LOUNGE INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated December 2, 1975, which, after a hearing, canceled petitioner's special on-premises liquor license and imposed a $1,000 bond claim. Petition granted to the extent that the determination is modified, on the law, by vacating the finding of guilt as to charge 4 and said charge is dismissed. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, with costs. The stay contained in the order of this court, dated January 19, 1976, is hereby vacated. No fact questions were raised in this proceeding. Petitioner was found guilty by respondent of having violated (1) section 111 of the Alcoholic Beverage Control Law and the terms of its license in that it permitted one Eli Kazan and one Ruth Santamorena, persons not mentioned in the license, to avail themselves of the license, (2) subdivision (b) of section 53.1 of the Rules of the State Liquor Authority (9 NYCRR 53.1 [b]) in that it concealed and/or suppressed, in connection with its renewal applications for the 1973–1974 and the 1974–1975 license periods, numerous loans by G. A. Service Corp., (3) subdivision (n) of section 53.1 of the Rules of the State Liquor Authority (9 NYCRR 53.1 [n]) in that the licensee's president, Norman Kazan, improperly suffered or permitted another person to sign his name to the licensee's 1973–1974 and 1974–1975 renewal applications and (4) subdivision 12 of section 106 of the Alcoholic Beverage Control Law in that the licensee failed to keep and maintain, on the licensed premises, adequate and accurate books and records of the business conducted thereon. In our opinion the record in this proceeding establishes that petitioner permitted its license to be availed of by two persons not named therein and that it failed to keep and maintain, on the licensed premises, accurate books and

records of the business conducted thereon. Furthermore, the evidence, adduced at the hearing supports the finding of the hearing officer that the second charge was sustained to the extent that petitioner concealed and/or suppressed, in connection with its 1974–1975 application, numerous loans from G. A. Service Corp. However, we note that this second charge was sustained in its entirety, contrary to the express finding of the hearing officer and contrary to respondent's express adoption of the said finding. Finally, we conclude that the evidence adduced at the hearing does not sustain the finding that Norman Kazan acted improperly in permitting Ruth Santamorena to sign his name on two renewal applications; the evidence suggests that she signed his name in the capacity of an agent. However, the evidence does suggest that petitioner's principal permitted persons not named in the license to avail themselves of its benefits, in further support of the first charge. Accordingly, in view of the totality of the evidence supporting the remaining charges, we conclude that the cancellation and bond claim are warranted and that said penalties are not so disproportionate to the offenses, in light of all the circumstances, as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck*, 34 NY2d 222). Gulotta, P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.